1  Catherine S. Nasser (State Bar No. 246191)
   cnasser@JonesDay.com
2  JONES DAY
   555 California Street, 26th Floor
3  San Francisco, CA  94104
   Telephone:   +1.415.626.3939
4  Facsimile:    +1.415.875.5700

5  Donald J. Munro (State Bar No. 453600) (admitted *pro hac vice*)
6  dmunro@jonesday.com
   JONES DAY
7  51 Louisiana Avenue, NW
   Washington, DC 20001
8  Telephone:   +1.202.879.3922
   Facsimile:    +1.202.626.1700
9
   Attorneys for Plaintiffs
10 NATIONAL RAILROAD PASSENGER
   CORPORATION, BNSF RAILWAY COMPANY,
11 UNION PACIFIC RAILROAD COMPANY, AND
   LOS ANGELES JUNCTION RAILWAY
12
   ADDITIONAL COUNSEL ON SIGNATURE PAGE
13

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **NATIONAL RAILROAD PASSENGER CORPORATION (D/B/A AMTRAK), BNSF RAILWAY COMPANY, UNION PACIFIC RAILROAD COMPANY, and LOS ANGELES JUNCTION RAILWAY**<br><br>**Plaintiffs,**<br><br>v.<br><br>**STATE OF CALIFORNIA, STATE OF CALIFORNIA DIVISION OF LABOR STANDARDS ENFORCEMENT, and JULIE SU, in her official capacity as Labor Commissioner, State of California Division of Labor Standards Enforcement,**<br><br>**Defendants.** | **Case No. 2:15-cv-00924-WBS-EFB**<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO EXTEND THE STAY OF PROCEEDINGS FOR ADDITIONAL NINETY DAYS** |

Plaintiffs National Railroad Passenger Corporation (d/b/a Amtrak), BNSF Railway Company, Union Pacific Railroad Company, and Los Angeles Junction Railway (collectively, "Plaintiffs") and Defendants the State of California, the State of California Division of Labor Standards Enforcement, and Julie Su, in her official capacity as Labor Commissioner (collectively, "Defendants"), hereby request and jointly stipulate to an extension of the current stay of all proceedings in this case for an additional period of ninety (90) days.

**Recitals**

**WHEREAS** the Court had previously stayed proceedings to allow Plaintiffs and Defendants (collectively, "the Parties") to engage in settlement discussions [Dkt. No. 23]; and

**WHEREAS** the Parties have made progress in their negotiations but have not yet completed those negotiations, and would like the opportunity to continue their discussions before advancing litigation further and potentially wasting judicial resources; and

**WHEREAS** "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "[T]he law favors and encourages compromise settlements," *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988), and courts routinely order stays to facilitate settlement efforts. *See, e.g.*, 13B Charles A. Wright, et al., Federal Practice & Procedure § 3533.2 (2009) ("[A] court may stay proceedings if the parties are working toward settlement . . . ."); and

**WHEREAS** the Parties agree that a stay is desirable both to facilitate their ongoing settlement efforts and to conserve judicial resources. *See White v. Novartis Pharm. Corp.*, No. 06-cv-00665, 2006 WL 1409556, at *1 (E.D. Cal. May 22, 2006) ("[B]ecause the parties appear to be in agreement that a stay is warranted, or at least acceptable, the court sees no reason not to exercise its inherent power to issue one.");

**NOW, THEREFORE**, for the foregoing reasons, the Parties jointly stipulate that it is in the interests of all concerned and will promote judicial economy to extend the stay this case in its entirety as set forth below, or on such other terms as the Court may order:

1. The stay of all proceedings shall be extended for a period of 90 days beyond the current expiration date of October 28, 2015.

2. Within the 90-day stay period, the Parties shall continue to meet and confer in good faith to explore settlement.

3. Should the case be resolved, the Parties will notify the Court promptly by filing appropriate dispositional documents.

4. Should the case not be resolved, the Parties will notify the Court at the close of the 90-day period so that the Court may issue a new scheduling order.

Dated: October 20, 2015          JONES DAY

By: /s/ Catherine S. Nasser
Catherine S. Nasser
Donald J. Munro

Attorneys for Plaintiffs
NATIONAL PASSENGER RAILROAD CORPORATION, BNSF RAILWAY COMPANY, UNION PACIFIC RAILROAD COMPANY, AND LOS ANGELES JUNCTION RAILWAY

Dated: October 20, 2015          KAMALA D. HARRIS
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General

By: /s/ Peter Chang (as authorized October 20, 2015)
Peter Chang

Attorneys for Defendants
STATE OF CALIFORNIA, STATE OF CALIFORNIA DIVISION OF LABOR STANDARDS ENFORCEMENT, and JULIE SU, in her official capacity as Labor Commissioner

# ORDER

Pursuant to the joint stipulation of the Parties:

1. The stay of all proceedings shall be extended for a period of 90 days beyond the current expiration date of October 28, 2015, to January 26, 2016.

2. Within the 90-day stay period, the Parties shall continue to meet and confer in good faith to explore settlement.

3. Should the case be resolved, the Parties will notify the Court promptly by filing appropriate dispositional documents.

4. Should the case not be resolved, the Parties will notify the Court at the close of the 90-day period so that the Court may issue a new scheduling order.

**IT IS SO ORDERED.**

DATED: OCTOBER 21, 2015

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE