MATTHEW J. GAUGER, Bar No. 139785
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, CA 95814
Telephone (916) 443-6600
Fax (916) 4420244
E-Mail: mgauger@unioncounsel.net

Attorneys for Applicants for Intervention BLET,
BMWE, BRS, IBEW, NCFO, SMART-MD, and SMART-TD

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORP., *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>Defendant.<br><br>and<br><br>TRANSPORTATION DIVISION OF THE INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS; MECHANICAL DIVISION OF THE INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR RAIL AND TRANSPORTATION WORKERS; BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; NATIONAL CONFERENCE OF FIREMEN & OILERS DISTRICT OF LOCAL 32BJ, SEIU; BROTHERHOOD OF RAILROAD SIGNALMEN; and BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYEES DIVISION/IBT,<br><br>Applicants for Intervention. | Case No. 2:15-cv-00924-KJM-EFB<br><br>**ORDER FOR UNIONS' UNOPPOSED MOTION TO INTERVENE**<br><br>Judge: Hon. Kimberly J. Mueller<br>Date: June 17, 2016<br>Time: 10:00 a.m.<br>Courtroom: 3 |

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1

ORDER GRANTING UNIONS' UNOPPOSED MOTION TO INTERVENE
Case No. 2:14-cv-01056-TLN-DAD
132148\862824

1    Before the court is an unopposed motion by the Transportation Division and the

2    Mechanical Division of the International Association of Sheet Metal, Air, Rail and Transportation

3    Workers ("SMART-TD" and "SMART-MD" respectively), Brotherhood of Locomotive

4    Engineers and Trainmen ("BLET"), International Brotherhood of Electrical Workers ("IBEW"),

5    National Conference of Firemen & Oilers District of Local 32BJ, SEIU ("NCFO"), Brotherhood

6    of Railroad Signalmen ("BRS") and Brotherhood of Maintenance of Way Employees

7    Division/IBT ("BMWED") (hereinafter collectively referred to as "the Unions") requesting leave

8    to intervene in the above-captioned case pursuant to Federal Rule of Civil Procedure 24(a)(2), or,

9    alternatively, pursuant to Rule 24(b).  ECF No. 34.

10    Federal Rule of Civil Procedure 24(a) provides:

11/12/13/14
> On timely motion, the court must permit anyone to intervene
> who . . . claims an interest relating to the property or transaction
> that is the subject of the action, and is so situated that disposing of
> the action may as a practical matter impair or impede the movant's
> ability to protect its interest, unless existing parties adequately
> represent that interest.

15    Fed. R. Civ. P. 24(a)(2).  In determining whether intervention as of right is appropriate, the court

16    applies a four-part test:

17/18/19/20
> (1) the application for intervention must be timely; (2) the applicant
> must have a 'significantly protectable' interest relating to the
> property or transaction that is the subject of the action; (3) the
> applicant must be so situated that the disposition of the action may,
> as a practical matter, impair or impede the applicant's ability to
> protect that interest; and (4) the applicant's interest must not be
> adequately represented by the existing parties in the lawsuit.

21    *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001) (citation

22    omitted).  "In determining whether intervention is appropriate, courts are guided primarily by

23    practical and equitable considerations, and the requirements for intervention are broadly

24    interpreted in favor of intervention."  *United States v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1148

25    (9th Cir. 2010) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

26    Here, the court finds that the Unions have satisfied the four requirements under

27    Rule 24(a)(2): (1) the motion is timely; (2) the Unions have a significantly protectable interest in

28    their employee members' coverage under California's Healthy Workplaces, Healthy Families Act

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2

ORDER GRANTING UNIONS' UNOPPOSED MOTION TO INTERVENE
Case No. 2:15-cv-00924-KJM-EFB
132148\862824

of 2014 ("the Act"), Cal. Labor Code §§ 245–249, which may be rendered worthless for practical purposes if plaintiffs prevail and the court finds the Act is preempted by federal law, *see CSX Transp., Inc. v. Georgia Pub. Serv. Comm'n*, 944 F. Supp. 1573, 1577–78 (N.D. Ga. 1996); (3) similarly, disposition of the action may, as a practical matter, impair or impede the Unions' ability to protect this interest; and (4) the Unions' interest is not adequately represented by the existing parties in the action, *see Southwest Ctr.*, 268 F.3d at 822 (setting forth three-prong test for inadequacy of representation).  *See generally* Mem. P. & A. Mot. Intervene, ECF No. 35 at 5–8.

Accordingly, the court GRANTS the Unions' unopposed motion to intervene under Rule 24(a)(2).

IT IS SO ORDERED.

Dated: May 16, 2016

_____
UNITED STATES DISTRICT JUDGE

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3
ORDER GRANTING UNIONS' UNOPPOSED MOTION TO INTERVENE
Case No. 2:15-cv-00924-KJM-EFB
132148\862824