UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF CALIFORNIA, et al., <br><br> Defendants. | No. 2:15-CV-0924 KJM EFB <br><br> <u>STATUS (PRETRIAL SCHEDULING)</u> <br> <u>ORDER (PHASE I)</u> |

      An initial scheduling conference was held in this case on May 26, 2016. Catherine Nasser appeared for plaintiffs; Peter Chang appeared for defendants.

      Having reviewed the parties' Joint Status Report filed on May 18, 2016, and discussed a schedule for the case with counsel at the hearing, the court makes the following orders:

I.    <u>SERVICE OF PROCESS</u>

      All named defendants have been served and no further service is permitted without leave of court, good cause having been shown.

II.    <u>ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS</u>

      Plaintiff was given seven (7) days to file a Third Amended Complaint. A Third Amended Complaint was filed on May 31, 2016. No further joinder of parties or amendments to

1

pleadings is permitted without leave of court, good cause having been shown, and according to the schedule set forth below. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

III.     JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1331. Jurisdiction and venue are not disputed.

IV.     SCHEDULING

The litigation of this case shall be conducted in two phases. In Phase One, the parties shall litigate all issues with respect to the RUIA preemption issue (Count I). In Phase Two, the parties will, if necessary, litigate all issues with respect to the remaining RLA and ERISA preemption claims.

The following dates are set related to the filing and arguing of motions with respect to Count I (the RUIA claim):

- Formal discovery requests in lieu of Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) are due no later than June 17, 2016.
- Amendment of pleadings and joinder of parties are due no later than July 15, 2016.
- All informal discovery shall be completed by August 12, 2016.
- Plaintiffs' dispositive motion shall be filed no later than August 19, 2016.
- Defendants' opposition to plaintiffs' motion and cross-motion shall be filed by September 9, 2016
- Plaintiffs' opposition to the cross-motion and reply in support of motion shall be filed by September 30, 2016.
- Defendants' reply in support of cross-motion shall be filed by October 14, 2016.
- Hearing on cross-motions shall be heard on December 2, 2016 at 10:00 a.m. in Courtroom No. 3.
- Within thirty (30) days of the court's ruling on Count I, the parties shall provide either (1) a stipulation as to entry of final judgment, or (2) a proposed schedule for litigation of Counts II and III (RLA and ERISA preemption).

V. <u>SEALING</u>

No document will be sealed, nor shall a redacted document be filed, without the prior approval of the court. If a document for which sealing or redaction is sought relates to the record on a motion to be decided by Judge Mueller, the request to seal or redact should be directed to her and not the assigned Magistrate Judge. All requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the discovery phase of litigation shall not govern the filing of sealed or redacted documents on the public docket. The court will only consider requests to seal or redact filed by the proponent of sealing or redaction. If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

VI. <u>MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER</u>

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of good cause. Agreement by the parties pursuant to stipulation alone does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel does not constitute good cause.

The assigned magistrate judge is authorized to modify only the discovery dates shown above to the extent any such modification does not impact the balance of the schedule of the case.

VII. <u>OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER</u>

This Status Order will become final without further order of the court unless objections are filed within fourteen (14) *calendar* days of service of this Order.

IT IS SO ORDERED.

DATED: June 20, 2016.

_____
UNITED STATES DISTRICT JUDGE